(120 App. Div. 871)

### DONNELLY v. McARDLE.

(Supreme Court, Appellate Division, First Department.   June 28, 1907.)

1. PARTNERSHIP—EXISTENCE OF 'RELATION—EVIDENCE.

In a suit for the dissolution of a partnership and for an accounting, evidence that nearly a year after the time of the dissolution of the firm as alleged by defendant an action was brought by plaintiff and defendant as copartners for goods sold, in which the complaint verified by plaintiff, alleged the continued existence of the partnership, and in which defendant signed a bond of indemnity as a plaintiff therein, was proof of the continued existence of the partnership.

2. SAME—INTEREST OF PARTNERS.

A partner assigning his interest in the firm to his copartner as security for the copartner's advances to the firm has an interest in the surplus assets of the firm after the repayment of the advances.

Appeal from Special Term, New York County.

Action by Michael Donnelly against Patrick J. McArdle for the dissolution of a copartnership, for an accounting, and for a judgment adjudging a bill of sale of plaintiff's interest in the firm to defendant to have been taken as security for the firm's indebtedness to defendant. From a judgment dismissing the complaint on the merits, plaintiff appeals.   Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Joseph F. Daly, for appellant.

Andrew J. Nellis, for respondent.

PER CURIAM.   On a former trial the plaintiff's complaint was dismissed, and on appeal to this court (86 App. Div. 33, 83 N. Y. Supp. 193) the judgment was reversed as against the weight of evidence.   On the second trial the facts adduced by the defendant did not materially vary from those which he proved upon the first trial. The plaintiff not only proved all that he was able to establish upon the first trial, but added new facts corroborating his contention. Amongst them was the fact that nearly a year after the alleged absolute dissolution of the copartnership an action was brought by the plaintiff and defendant as copartners for goods sold, in which the complaint alleged the continued existence of the copartnership.   The complaint in that action was verified by this plaintiff, but in the same action the defendant signed a bond of indemnity as one of the plaintiffs therein, and presumptively he knew the form of the action and its object.   In addition, certain facts favorable to the plaintiff were proven by the witness Courtney, whose testimony was not given upon the former trial.

We think the evidence did not warrant a dismissal of the complaint by the trial court, and that upon the facts established before him he should have decreed that the assignment given by the plaintiff to defendant was as security only, and should have ordered an accounting of the partnership business.   Concededly the partnership had existed, and, if the assignment by the plaintiff to defendant was not absolute, but as security for defendant's advances to the firm only,

plaintiff still had an interest after those advances were paid in any surplus assets of the firm. There was prima facie proof that such surplus assets existed.

The judgment dismissing the complaint must be reversed both on the law and the facts, and a new trial granted, with costs to the appellant to abide the event.